UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ROBYN O'NEILL AND EUGENE O'NEILL on behalf of themselves and all others similarly situated,

        Plaintiffs,

-against-

PAUL J. HOOTEN
D/B/A PAUL J. HOOTEN & ASSOCIATES, PPLC

        Defendant.
-----------------------------------------------------------

**CLASS ACTION COMPLAINT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 03 2011 ★
LONG ISLAND OFFICE

CV 11 0541
IRIZARRY, J.
GOLD, M.

*Introduction*

1. Plaintiff seeks redress for the illegal practices of Paul J. Hooten who does business as Paul J. Hooten & Associates, PPLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Thoracic Surgical, P.C.

4. Upon information and belief, Paul J. Hooten is a New York attorney who maintains an office for collection of debts at 5505 Nesconset Highway, Suite 203, Mt. Sinai, New York.

1

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Robyn O'Neill*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about April 29, 2010 defendant sent the plaintiff a collection letter regarding the within debt at issue which was claimed to be $4,380.80.

11. The said letter sets forth the validation rights at the very bottom of the letter beneath the main portion of the letter.

12. The validation rights are intentionally set forth in a print size and the overall letter is set forth so that the least sophisticated consumer would not be apprised of his or her right to dispute the debt or seek verification thereof.

13. Upon information and belief, defendant personally approves the collection letters and policies and directly or indirectly participated in the illegal collection practices against the plaintiff.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Robyn O'Neill*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about April 29, 2010 defendant sent the plaintiff a collection letter regarding the within debt at issue which was claimed to be $4,380.80.

11. The said letter sets forth the validation rights at the very bottom of the letter beneath the main portion of the letter.

12. The validation rights are intentionally set forth in a print size and the overall letter is set forth so that the least sophisticated consumer would not be apprised of his or her right to dispute the debt or seek verification thereof.

13. Upon information and belief, defendant personally approves the collection letters and policies and directly or indirectly participated in the illegal collection practices against the plaintiff.

14. Upon information and belief, due to the volume of collections at the defendant's law practice, and that there is only one attorney listed on defendant's letterhead, that no attorney has reviewed the plaintiff's account to be considered meaningful review of the plaintiff's account.

15. The plaintiff sent the defendant a letter disputing the debt in detail.

16. The plaintiff explained to the defendant in the plaintiff's May 3, 2010 letter that the plaintiff had agreed with Thoracic Surgical that the plaintiff would be responsible for co-insurance and co pays.

17. The plaintiff even set forth in her May 3, 2010 letter that the plaintiff had made arrangements with the prior collection agency, IRR, to settle the matter for $1000.00.

18. The plaintiff sent to IRR a check in the amount of $1000.00 as agreed with a cover letter setting forth the agreement.

19. Despite the foregoing, apparently the defendant's expansive collection practice does not give him the time to carefully consider disputed accounts.

20. In response to the plaintiff's May 3, 2010, Hooten ignored the letter.

21. Hooten's only response was to file a frivolous lawsuit against the plaintiff.

22. Apparently, Hooten has become a co-conspirator with Thoracic Surgical to sue health care victims for an amount in excess of what was agreed with the insurance company and patient.

23. What makes the matter even more egregious is that the plaintiff had serious medical history, had become unemployed and was not able to make sufficient payments with Thoracic Surgical, P.C.

24. Plaintiff wrote a letter to IRR Recovery on September 30, 2008 in part as follows: "This is in regard to my account. As you can see by the GHI explanation of benefits that the Dr. got paid. Now although he did not participate my portion according to GHI and the Dr. was $1116.20. He then cut a deal with me for half

3

of that. I wasn't working at the time and could not afford to pay the payments, and his girl was extremely nasty. At this point in time I am even considering seeking legal action against the physician considering it is 2 years later and I am still having pain. I was told that he actually did not do the surgery but a resident did it. I feel that the physician received enough money from me. And also if you look at the original bill from the guy and the EOB from GHI, the figures are all wrong anyway. I paid him his initial consult and when I went to see him he had the nerve to bill another consult fee which I called GHI and told them that it was fraudulent billing and that matter to investigate his billing practices. I have been a medical biller for 25 years and I know what the appropriate practices are."

25. There was enough of a file established for the defendant to have researched the plaintiff's May 3, 2010 letter.

26. Instead, in or about May, 2010 the defendant filed a frivolous lawsuit against the plaintiff.

27. The plaintiff contacted the defendant in July, 2010.

28. The collector at Hooten's office indicated to plaintiff Robyn O'Neill that the summons and complaint was already with the process and that the plaintiff should be served any day.

29. The plaintiffs never received the summons and complaint via a process server.

30. No process server "nailed and mailed a copy of the summons and complaint."

31. The plaintiffs only received an extra copy of the complaint from Hooten's office.

32. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(3), 1692g and 1692e(10) for the account not having been reviewed by an attorney, engaging in deceptive practices

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiffs on behalf of themselves and the members of a class, as against the defendant.*

33. Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs 1-32 as if set forth fully in this Cause of Action.

34. This cause of action is brought on behalf of plaintiffs and the members of a class.

35. The Class consists of consumers who received the same form letter dated April 29, 2010 as did the plaintiffs.

36. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about April 29, 2010 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Thoracic, Surgical, P.C.; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. § 1692e, 1692e(3) and 1692e(10).

37. A sub-class exists for those class members who received wrote a letter of dispute which was ignored and suit brought against the consumer in violation of 15 U.S.C. § 1692g and 1692e(10).

38. A second sub-class is for those members who were only sent a summons and complaint but where not formally served.

39. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

40. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

41. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

43. The defendant's actions as set forth above violate the Fair Debt Collection Practices Act.

44. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

### AS AND FOR A SECOND CAUSE OF ACTION

45. Plaintiff Robyn O'Neill realleges paragraphs 1 through 32 as if fully set forth herein.

46. Plaintiff has become emotionally distraught over the entire matter.

47. Plaintiff felt like she has been defrauded where she in good faith entered into a

settlement agreement in good faith and paid $1000.00 to end the matter.

48. Defendant has harassed the plaintiff over a debt which she does not owe.

49. Plaintiff has taken the time to present documentation to show that the matter had been previously resolved.

50. In violation of his ethical obligations, the defendant filed suit against the plaintiffs anyway.

51. Plaintiff has suffered emotional distress damages.

52. Defendant has violated 1692e(10) for having engaged in deceptive collection practices.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and against the defendant and award damages as follows:

   (d)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

   (e)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

   (f)   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
February 1, 2011

_____
Adam J. Fishbein  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

# PAUL J. HOOTEN & ASSOCIATES, PLLC

ATTORNEYS AT LAW
5505 NESCONSET HIGHWAY
SUITE 203
MT. SINAI, NEW YORK 11766
PHONE (631) 331-0547
FAX (631) 331-2627

Website:
www.pjhooten.com

email address:
pjh@pjhooten.com

APRIL 29, 2010

ROBYN O'NEILL
EUGENE O'NEILL
4728 215TH PL
BAYSIDE, NY 11361

    RE: THORACIC SURGICAL, P.C.
    Claim #: 158364
    Balance: $4,380.80
    Account#: 795276

Dear ROBYN O'NEILL:

I have been advised by THORACIC SURGICAL, P.C. that your account is past due. By this letter I am making a demand on behalf of THORACIC SURGICAL, P.C. that you pay the outstanding balance due.

Unless we receive payment or hear from you regarding your past due balance, I may be forced to recommend to my client that they begin litigation to enforce this claim, as there appears to be no legal basis for your delay in payment of your obligation.

Your attention to this matter will be a positive way of avoiding possible legal action. Your cooperation in this matter is appreciated.

Very truly yours,

Paul J. Hooten Esq.
PJH/Al

N.Y.C. Dept. of Consumer Affair License # 1280867

---

If you wish to pay by credit or debit card, please enter the requested information in the spaces provided.

CHECK ONE: ☐    ☐    ☐ VISA    ☐ DISCOVER      CARD TYPE: ☐ CREDIT ☐ DEBIT

CARD NUMBER _____    AMOUNT AUTHORIZED: $_____

CARD HOLDER SIGNATURE _____    EXP DATE ____/____

"I HEREBY AUTHORIZE PAUL J. HOOTEN & ASSOCIATES TO DEBIT MY CREDIT OR DEBIT CARD LISTED ABOVE EACH MONTH FOR A TOTAL OF $_____ ON THE _____ DAY OF EACH MONTH.

---

**Important Consumer Notice**

"Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and will mail you a copy of such verification or judgment. If you request from this office, in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

# PAUL J. HOOTEN & ASSOCIATES, PLLC

*ATTORNEYS AT LAW*
5505 NESCONSET HIGHWAY
SUITE 203
MT. SINAI, NEW YORK 11766
PHONE (631) 331-0547
FAX (631) 331-2627

Website:
www.pjhooten.com

email address:
pjh@pjhooten.com

SEPTEMBER 28, 2010

EUGENE O'NEILL
4728 215TH PL
BAYSIDE, NY 11361

RE:     **THORACIC SURGICAL, P.C.**
v.      **EUGENE O'NEILL**
A/C#:   795276
Claim #: 158364

Dear EUGENE O'NEILL:

Enclosed is a copy of the summons and complaint which was previously served upon you. This letter is being sent in accordance with New York Civil Practice Laws and Rules Section 3215.

Unless you answer the summons and complaint or contact my office to make acceptable payment arrangements upon receipt hereof, a default judgment will be entered against you.

Very truly yours,

Paul J. Hooten

PJH:cp
Enclosure

**Important Consumer Notice**

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

---

THORACIC SURGICAL, P.C.

    Plaintiff

against

ROBYN O'NEILL
EUGENE O'NEILL

    Defendant(s)

---

Index No.

**SUMMONS**

106711

The basis of the venue designated is: the defendant resides in the County of QUEENS

    Plaintiff's residence:
    100 NORTHERN BLVD, STE 380
    GREAT NECK, NY 11021

To the above named Defendant:

    YOU ARE HEREBY **SUMMONED** and required to appear in the CIVIL COURT OF THE CITY OF NEW YORK, at the office of the Clerk of the said Court at 89-17 SUTPHIN BLVD., in the COUNTY OF QUEENS State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk. Upon your failure to answer, judgment will be taken against you for the sum of $4,380.80 with interest thereon from APRIL 10, 2006, together with the costs of this action.

Dated: 7/8/10

Paul J. Hooten, Esq.
5505 Nesconset Hwy Suite 203
Mt. Sinai, NY 11766
(631) 331-0547

COPY
ORIGINAL PAPERS
RECEIVED AND FILED
SEP 16 2010
CIVIL COURT
QUEENS COUNTY

Defendant's address:
4728 215TH PL
BAYSIDE, NY 11361

**NOTE:** The law or rules of court provide that:

    (a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the City of New York, you must appear and answer within **TWENTY (20)** days after such service; or
    (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed **THIRTY (30)** days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

158364

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

---

THORACIC SURGICAL, P.C.
   Plaintiff

against

ROBYN O'NEILL
EUGENE O'NEILL
   Defendant(s)

---

Index No.

**VERIFIED COMPLAINT**

**Plaintiff, through its attorney, alleges:**

(1) Plaintiff is a corporation incorporated under the laws of the State of New York.

(2) Physicians affiliated with the Plaintiff are licensed to practice medicine in the State of New York.

(3) Physicians affiliated with the Plaintiff rendered professional medical services upon ROBYN O'NEILL at the request of defendant(s).

(4) Prior to rendering said services, the plaintiff advised the defendant of the fees that would be billed. Defendant(s) agreed to make payment to plaintiff for said professional services.

(5) A statement was last sent by the plaintiff to the defendant(s) on APRIL 10, 2006, and said statement was retained by the defendant(s) without objection.

(6) Defendant(s) failed to pay the agreed upon amount.

(7) The amount of the aforesaid bill represents the usual and customary amount billed by the plaintiff for this type of service.

(8) To date, the sum of $4,380.80 remains unpaid for the performance of said professional services, although demand for said sum has been made by plaintiff upon defendant(s).

   **WHEREFORE**, Plaintiff demands judgment against Defendant(s) for the sum of $4,380.80 plus interest from APRIL 10, 2006 together with costs and disbursements.

Dated: JUNE 18, 2010

                        Paul J. Hooten, Esq.
                        Attorney for Plaintiff
                        5505 Nesconset Highway
                        Mt. Sinai, NY 11766

Claim Number 158364

STATE OF NEW YORK, COUNTY OF NASSAU ss.: The undersigned, being duly sworn, deposes and says: deponent is the PRESIDENT of THORACIC SURGICAL, P.C. a corporation and deponent makes this verification because deponent has read the foregoing complaint and knows the contents thereof: the same is true to deponent's own knowledge except to matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: Documents and Records of the Plaintiff kept in the regular course of business under the supervision and control of the Deponent.

Dated:

LAURENCE SPIER
PRESIDENT

Sworn to before me on 7/2/16

158364

NANCY B. RAIA
Notary Public - State of New York
No. 01RA6209589
Qualified in Nassau County
Commission Expires July 27, 2013

## *IMPORTANT CONSUMER NOTICE*

*THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*